IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAMAR GREEN<br><br>Plaintiff,<br><br>v.<br><br>PREMIER TELECOMMUNCATION SERVICES, LLC, VAN HUYNH AND LYNNE PANG<br><br>Defendants | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Lamar Green ("Plaintiff"), through his undersigned counsel, and files this lawsuit against Premier Telecommunication Services, LLC, Van Huynh and Lynne Pang ("Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime and minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

1

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant Premier Telecommunication Services, LLC ("Premier") is a Georgia corporation with a principal place of business at 6090 Dawson Boulevard, Suite G, Norcross, Georgia 30093. Defendant Premier may be served with process by delivering a copy of the summons and Complaint to its registered agent, ACE Accounting and Tax Services, at 6030 Dawson Boulevard, Suite C, Norcross, Georgia 30093.

6.

Defendant Huynh is a Georgia resident, and may be served with process by delivering a copy of the summons and Complaint to him at 6090 Dawson Boulevard, Suite G, Norcross, Georgia 30093.

7.

Defendant Huynh co-owns Premier, and acted indirectly or directly in the interests of an "employer" in relation to Plaintiff. Specifically, Defendant Huynh had ultimate control over the day-to-day operations at Premier, including decisions affecting Plaintiff's compensation that were instrumental in causing the FLSA violations alleged herein (e.g., misclassifying Plaintiff as an independent contractor).

8.

Defendant Pang is a Georgia resident, and may be served with process by delivering a copy of the summons and Complaint to him at 6090 Dawson Boulevard, Suite G, Norcross, Georgia 30093.

9.

Defendant Pang co-owns Premier, and acted indirectly or directly in the interests of an "employer" in relation to Plaintiff. Specifically, Defendant Pang had ultimate control over the day-to-day operations at Premier, including decisions affecting Plaintiff's compensation that were instrumental in causing the FLSA

violations alleged herein (e.g., misclassifying Plaintiff as an independent contractor).

10.

Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

11.

At all relevant times, Defendant Premier was an enterprise engaged in commerce or in the production of goods for commerce with gross annual revenues in excess of $500,000.00.

12.

Defendant Premier provides cable television, internet, telephone and security installation services within and outside the state of Georgia. In addition, Defendant Premier's workers install cable television, internet, telephone and security equipment that has traveled through interstate commerce.

13.

At all relevant times, Plaintiff was directly or indirectly "engaged in commerce" and is subject to individual coverage under the FLSA.

14.

Plaintiff engaged in interstate work for Premier by, for example, installing cable television, internet, phone and security equipment that had traveled through interstate commerce.

15.

At all relevant times, Defendants were "employers" as that term is defined by 29 U.S.C. § 203(d).

16.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

**STATEMENT OF FACTS**

17.

Plaintiff worked for Defendants as an Installation Technician ("Technician") from September 1, 2013 to February 25, 2015.

18.

In that position, Plaintiff performed cable television, internet, phone and security installation services.

19.

At all relevant times, Defendants misclassified Plaintiff as an independent contractor.

20.

Defendants exercised complete control over Plaintiff. Defendants determined what Plaintiff did, when he did it and where he did it. Specifically, on a daily basis, Defendants decided which installation jobs to assign to Plaintiff and

gave him work orders with details of each installation job, including the location of the job, the work that needed to be done on the job, and the short time-frame within which to complete the job. Further, if Plaintiff had difficulty completing a job, he called upon his Field Supervisor for guidance and help. Moreover, Plaintiff's work was subject to Defendant Premier's quality review process. If Plaintiff made an error, his pay was subject to "back charges."

21.

Defendants provided Plaintiff with a truck, tools and equipment, including all of the hardware to be installed in the customer's homes and businesses (e.g., cable boxes, modems, etc.).

22.

Plaintiff was not hired for a short-term project, but rather for an indefinite period of time.

23.

Plaintiff was subject to payroll deductions in the amount of 10 percent of his weekly income for worker's compensation insurance, for which employees (not independent contractors) are eligible.

24.

Plaintiff worked more than 40 hours in numerous workweeks, but was not paid time and one-half his regular hourly rate of pay.

25.

Plaintiff worked between five and seven days per workweek.

26.

Plaintiff reported to the warehouse each morning at 7:00 a.m. While at the warehouse, Plaintiff returned unused hardware and equipment from the previous day's work, reviewed his route for the current day's work and waited to receive the necessary hardware and equipment to complete his route.

27.

Generally, Plaintiff started his first installation job between 8:00 a.m. and 9:30 a.m., and finished his final installation job between 5:00 p.m. and 7:00 p.m. (There were times, however, when Plaintiff finished before 5:00 p.m. or after 7:00 p.m.)

28.

Defendants did not keep track of Plaintiff's work hours.

29.

Plaintiff was not required to log in and log out of a timekeeping system.

30.

Plaintiff was merely compensated for work performed on installation jobs that he completed.

31.

Plaintiff was not compensated for any time spent performing non-installation work (i.e., time spent driving to/from installation jobs, time spent at the warehouse each morning, etc.).

32.

In some workweeks, Plaintiff received less than the federal minimum wage rate of $7.25 per hour.

33.

Plaintiff was required to pay for several out-of-pocket expenses, including gas which cost him an average of $20.00 per day.

34.

Defendant had a policy and practice of making several deductions from Plaintiff's weekly pay check. For example, Defendant's deducted $125.00 from Plaintiff's weekly pay check for use of a company truck, and $25.00 from Plaintiff's weekly pay check for use of a cable meter.

35.

In light of Plaintiff's long hours, out-of-pocket expenses and payroll deductions, Plaintiff earned less than $7.25 per hour in some workweeks.

## COUNT ONE
### Fair Labor Standards Act
**(Failure to Pay Overtime Compensation)**

36.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 35 of this Complaint as if fully set forth herein.

37.

At all relevant times, Defendant violated the FLSA by failing to pay Plaintiff time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

38.

At all relevant times, Defendant purposefully misclassified Plaintiff as an independent contractor in order to avoid paying Plaintiff overtime.

39.

At all relevant times, Defendant required, suffered and/or permitted Plaintiff to work more than forty (40) hours in a workweek without paying Plaintiff overtime.

40.

Defendant acted in willful disregarded of its obligations under the FLSA. Defendant knew or had reason to believe that Plaintiff was not an independent contractor, and that Plaintiff was entitled to be paid overtime.

41.

Defendants failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

42.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover his unpaid overtime wages, an equivalent amount as liquidated damages, attorneys' fees, and costs.

## COUNT TWO
## Fair Labor Standards Act
### (Failure to Pay Minimum Wage)

43.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 42 of this Complaint as if fully set forth herein.

44.

At all relevant times, Defendant violated the FLSA by failing to pay Plaintiff the federal minimum wage rate of $7.25 per hour in one or more workweeks.

45.

As a result of working in excess of 40 hours in a workweek, out-of-pocket expenses, and payroll deductions, Plaintiff was paid less than $7.25 per hour for all hours worked in more than one workweek.

46.

Defendant acted in willful disregarded of its obligations under the FLSA. Defendant knew or had reason to believe that Plaintiff was not being paid at least

$7.25 per hour given Plaintiff's excessive work hours, out-of-pocket expenses, and payroll deductions.

47.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover the difference between the amount he was paid per hour and the amount he should have been paid per hour (i.e., $7.25), an equivalent amount as liquidated damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid overtime and minimum wages, an equivalent amount as liquidated damages, prejudgment interest on unpaid wages, reasonable attorneys' fees, and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.

Date: February 3, 2016

Respectfully submitted,

SMITH LAW, LLC

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

                                                          By:   /s/ Louise N. Smith_____
                                                                       Louise N. Smith
                                                                        Georgia Bar No. 131876
                                                                        William J. Smith
                                                                        Georgia Bar No. 710280
                                                                        *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 3rd day of February, 2016.

                                                Respectfully submitted,

                                                SMITH LAW, LLC

                                       By:   /s/ Louise N. Smith
                                                    Louise N. Smith
                                                    Georgia Bar No. 131876

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 3rd day of February, 2015, served all parties in this matter with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4.

This 3rd day of February, 2016.

                                                  Respectfully submitted,
                                 By:   /s/ Louise N. Smith
                                                  Louise N. Smith
                                                  Georgia Bar No. 131876